1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

| UNITED STATES OF AMERICA, | NO. CR24-186-JHC |
|---|---|
| Plaintiff, | |
| v. | DISCOVERY PROTECTIVE ORDER |
| ALI KUYATEH *et al.*, | |
| Defendants. | |

11

12

13

14

15

16

17    This matter, having come before the Court on the parties' Stipulated Motion for

18  Entry of a Discovery Protective Order, Dkt. # 104, and the Court, having considered the

19  motion, and being fully advised in this matter, hereby enters the following Discovery

20  Protective Order:

21    1.    **Protected Material**. For purposes of this Discovery Protective Order,

22  "Protected Material" shall include (1) Grand Jury testimony; (2) witness statements; (3)

23  financial information; (5) subscriber information (including phone and utility subscriber

24

25

26

Discovery Protective Order - 1
27  *U.S. v. Ali Kuyateh et al.*, CR24-186-JHC

information for third parties); and (6) other personal identifying information ("PII")[1] obtained during the investigation, either via Grand Jury subpoena and/or during the execution of search warrants, including but not limited to personal information about the Defendants and third parties and other sensitive information obtained from the search of social media, cellular telephones, and other digital devices seized during the investigation (collectively, the "Protected Material"). All financial records (including phone, utility, and financial information for third parties), cellular telephone downloads, Grand Jury transcripts, and summaries of financial records provided during discovery will be considered Protected Material without further designation by the government.

2.      Other information believed by the government to constitute Protected Material will be so designated by the government. This material may include, but is not limited to, information related to witnesses and third parties, criminal history reports, and related *Giglio* impeachment materials.

3.      **Production of Protected Material to the Defense**. The government will make available copies of Protected Material, including those filed under seal directly to defense counsel to comply with the government's discovery obligations, and/or to a Coordinating Discovery Attorney, should one be appointed. Possession of Protected Material is limited to defense counsel, their office staff, investigators, paralegals, assistants, and law clerks, as well as necessary third-party vendors, consultants, and/or experts (hereafter, "members of the defense team"). Members of the defense team may

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. The government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to the defense.

Discovery Protective Order - 2
*U.S. v. Ali Kuyateh et al.*, CR24-186-JHC

1    not provide copies of the Protected Material to other persons, including to the

2    Defendants. In addition, defense counsel is required to make a copy of the Discovery

3    Protective Order available to members of the defense team.

4        4.    **Review of Protected Material by the Defendant**. The attorney of record

5    and members of the defense team may share and review the Protected Material with the

6    Defendant. If the Defendant is in custody at the Federal Detention Center (FDC), they

7    will be permitted to review the Protected Material, consistent with the regulations

8    established by the BOP, with or without counsel, in a controlled environment at the

9    Federal Detention Center (FDC), but will be prohibited from printing out, copying, or

10   disseminating it. If the Defendant is on pretrial release, they will be permitted to review

11   the Protected Material at the offices of their counsel, but will be prohibited from printing

12   out, copying, or disseminating it.

13       5.    **Limits on Dissemination of Protected Materials**. The attorney of record

14   and members of the defense team acknowledge that providing copies of the Protected

15   Material to a Defendant and other persons is prohibited and agree not to duplicate or

16   provide copies of the Protected Material to a Defendant and other persons. This

17   Discovery Protective Order does not limit employees of the United States Attorney's

18   Office for the Western District of Washington from disclosing the Protected Material to

19   members of the United States Attorney's Office, federal law enforcement agencies,

20   witnesses, and the Court and defense as necessary to comply with the government's

21   discovery obligations.

22       6.    **Future Production of Additional Protected Materials**. Additional types

23   of discovery items may be deemed by the parties to constitute Protected Material upon

24   agreement, or (if no agreement can be reached) by further order of the Court.

25       7.    **No Waiver**. Nothing in this Discovery Protective Order should be

26   construed as imposing any substantive discovery obligations on the government that are

Discovery Protective Order - 3
27   *U.S. v. Ali Kuyateh et al.*, CR24-186-JHC

1  different from those imposed by case law and Rule 16 of the Federal Rules of Criminal

2  Procedure. The failure to designate any materials as provided in paragraph 2 shall not

3  constitute a waiver of a party's assertion that the materials are covered by this Discovery

4  Protective Order.

5      8.      **Use of Protected Material in Court**. Any Protected Material that is filed

6  with the Court in connection with pretrial motions, trial, or other matter before this Court,

7  shall be filed under seal and shall remain sealed until otherwise ordered by this Court.

8  This does not entitle either party to seal their filings as a matter of course. The parties are

9  required to comply in all respects with the relevant local and federal rules of criminal

10  procedure pertaining to the sealing of court documents.

11     9.      **Non-Termination**. Furthermore, after any judgment or disposition has

12  become final and there are no pending proceedings, challenges, appeals, or habeas

13  motions in the case, defense counsel shall destroy the Protected Material. If defense

14  counsel finds that retention of the Protected Material in their possession is necessary for

15  authorized reasons, such as professional or ethical obligations, defense counsel shall

16  retain the Protected Material in their case file subject to the restrictions of this Discovery

17  Protective Order.

18     10.     **Violation of Discovery Protective Order**. Any person who willfully

19  violates this Discovery Protective Order may be held in contempt of court and may be

20  subject to monetary or other sanctions as deemed appropriate by this Court.

21     11.     **Modification of Discovery Protective Order**. Nothing in this Discovery

22  Protective Order shall prevent any party from seeking modification of this Discovery

23  Protective Order or from objecting to discovery that it believes to be otherwise improper.

24  The parties agree that in the event that compliance with this Discovery Protective Order

25  makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or

26  otherwise imposes an unworkable burden on counsel, defense counsel shall bring any

Discovery Protective Order - 4

27  *U.S. v. Ali Kuyateh et al.*, CR24-186-JHC

concerns about the terms of the Discovery Protective Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Discovery Protective Order to the attention of the Court by way of a motion.

12. **Agreement to Provide Copies of Protected Material to the Defendant**. Upon agreement of counsel for the government, members of a defense team may provide copies of specific Protected Material, or redacted versions of such material, to the Defendant. When seeking the government's agreement to give such a copy to the Defendant, members of the defense team will identify with reasonable particularity, including (where available) the specific Bates-numbered pages and or recording descriptions, the specific material defense counsel proposes to give to the Defendant. Unless expressly stated otherwise by the government, copies of Protected Material to be provided to the Defendant will continue to be Protected Material subject to all of the protections of this Discovery Protective Order, with the sole exception that a copy can be given only to the Defendant (and not shared with anyone else outside the defense team). If counsel for the government and counsel for the Defendant cannot reach agreement on whether particular portions of the Protected Material or redacted versions of Protected Material should be given to the Defendant under these conditions, defense counsel may raise the issue with the Court by way of a motion.

13. **No Ruling on Discoverability or Admissibility**. This Discovery Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

Discovery Protective Order - 5
*U.S. v. Ali Kuyateh et al.*, CR24-186-JHC

14.     **No Ruling on Timing of Production**. This Discovery Protective Order does not require the government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

15.     **Addition of Defendants after Entry of Discovery Protective Order**. This Discovery Protective Order will cover additional Defendants in this case so long as they agree to be bound by the terms of this Discovery Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Discovery Protective Order.

DATED this 19th day of November, 2024.


_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE