UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI KUYATEH,<br><br>Defendant. | CASE NO. 2:24-cr-00186-JHC-1<br><br>ORDER |

# I

### INTRODUCTION

This matter comes before the Court on Defendant Ali Kuyateh's Motion for Pretrial Release. Dkt. # 139. Mr. Kuyateh asks this Court to reverse the detention order issued by the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. # 84. For the reasons below, the Court finds that Mr. Kuyateh has failed to overcome the presumption that he is a danger to the community. Thus, the Court DENIES Mr. Kuyateh's motion and ORDERS that he be detained pending trial.

/

/

ORDER - 1

## II

### BACKGROUND

On October 16, 2024, a grand jury indicted Mr. Kuyateh on a charge of conspiracy to distribute controlled substances, including fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Dkt. # 1. On November 4, 2024, Judge Tsuchida determined that there were "no conditions" Mr. Kuyateh could meet that would "reasonably assure [his] appearance as required or the safety of any other person and the community." Dkt. # 84 at 1. On January 3, 2025, Mr. Kuyateh filed the present Motion for Pretrial Release.[1] Dkt. # 139. Mr. Kuyateh contends that because of the nonviolent nature of the crime charged, his lack of criminal history, and his ties to the local community, that there is no basis for his continued detention. *Id.* at 3.

## III

### DISCUSSION

A.    Standard of Review

A person who is ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district judge reviews a magistrate judge's decision de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). But they are "not required to start over . . . and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193.

B.    Bail Reform Act

The Bail Reform Act (the Act), 18 U.S.C. § 3142, *et seq.*, requires the release of a defendant pending trial unless "no condition or combination of conditions will reasonably assure

---

[1] Mr. Kuyateh's motion does not state whether he seeks to reopen detention before Judge Tsuchida under 18 U.S.C. § 3142(f)(2) or review by this Court under 18 U.S.C. § 3145(b). Given that this motion was filed using the "Motion for Review of Detention Order," option in the Electronic Case Filing system, the Court construes it as falling under 18 U.S.C. § 3145(b).

ORDER - 2

the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "Only in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos–Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (*citing United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)). "The United States must prove by clear and convincing evidence that the defendant poses a danger to the community or, by a preponderance of the evidence, that the defendant is a flight risk." *United States v. Valenzuela*, No. CR12-062RSL, 2012 WL 1377087, at *1 (W.D. Wash. Apr. 19, 2012) (citing *United States v. Gebro,* 948 F.2d 1118, 1121 (9th Cir. 1991)).

Under the Act, a court considers whether there are conditions of release that reasonably achieve two goals: (1) the appearance of the defendant, and (2) the safety of the community. 18 U.S.C. § 3142(g). In making its determination, a court considers "(1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *Gebro*, 948 F.2d at 1121 (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)); 18 US.C. § 3142(g).

Section 3142(e) of the Act provides for a rebuttable presumption against pretrial release when a court finds probable cause that a defendant committed an offense under 21 U.S.C. § 841. *See* 18 U.S.C. § 3142(e)(3)(A)–(B). For Section 3142 (e) purposes, "an indictment by a grand jury establishes probable cause triggering the presumption." *Valenzuela*, 2012 WL 1377087, at *2 (citing *United States v. Ward*, 63. F. Supp. 2d 1203, 1209 (C.D. Cal. 1999)). Although this presumption shifts the burden to the defendant to produce evidence that he is not a danger to the

ORDER - 3

community or a flight risk, the Government still has the burden of persuasion. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

C.       Presumption Against Release

     1.       Statutory Presumption

Mr. Kuyateh is charged with violating Section 841 of the Controlled Substances Act. *See* Dkt. # 1; *see also* 21 U.S.C. § 841(a)(1) (prohibiting the manufacturing and distribution of controlled substances). The minimum prison term for violating Section 841(a) (1) is 10 years. *See* 21 U.S.C. § 841 (b)(1)(A). Thus, for Section 3142 (e) purposes, there is a rebuttable presumption against his release. 18 U.S.C. § 3142(e)(3)(A); *see also Valenzuela*, 2012 WL 1377087, at *2. To overcome this presumption, Mr. Kuyateh must adduce evidence showing that he is not flight risk or a danger to the community.

     2.       Mr. Kuyateh's Rebuttal

In his motion, Mr. Kuyateh contends that his (1) strong ties to the community including stable housing and families ties to the Western District of Washington, (2) lack of prior criminal history, (3) willingness to surrender his passport, and (4) family responsibilities as a step-grandparent to his wives' grandchildren show that he is not a flight risk. Dkt. # 139 at 2.

As the Government notes in its opposition brief, it is "less concerned" that Mr. Kuyateh is a flight risk given his "ties to the local community and stable residence." Dkt. # 146 at 9 n.13. Thus, Mr. Kuyateh's evidence suffices to meet his burden of production in relation to the risk of flight.

Mr. Kuyateh also contends that because the Government has charged him with a nonviolent crime and he has no prior criminal history, this shows that he does not pose a danger to the community. Dkt. # 139 at 2. But Mr. Kuyateh is charged with a serious offense, and the United States contends that Mr. Kuyateh had a leadership role in a large drug trafficking

ORDER - 4

operation and a person was shot and killed at a drug house run by Mr. Kuyateh.  Dkts. # 75 at 6–8; # 146 at 9–10.  Mr. Kuyateh fails to produce evidence countering the presumption that he poses a danger to the community.

As discussed below, the Court also finds that the application of the additional statutory factors also requires Mr. Kuyateh's detention pending trial.

D.     Weighing the Section 3142(g) Factors

        1.     Nature and Seriousness of the Offense

Mr. Kuyateh is charged with a serious offense involving the distribution of controlled substances, including fentanyl.  *See United States v. Christie*, No. 10-00384SOM, 2010 WL 2900371, at *4 (D. Haw. July 20, 2010) ("The nature of the offense weighs strongly in favor of detention, as the distribution of drugs is a serious offense.").  Although Mr. Kuyateh contends that he was charged with a nonviolent offense, Section 3142(g)(1) requires courts to consider whether the offense involves "a controlled substance."  18 U.S.C. § 3142(g)(1).  The United States alleges that Mr. Kuyateh was a leader in a drug trafficking organization responsible for distributing large quantities of controlled substances including fentanyl, cocaine, methamphetamine, ketamine, and MDMA.  Dkts. # 75 at 6–8; # 146 at 9.  According to the United States, Mr. Kuyateh operated two established distribution locations in the University District, a neighborhood in Seattle that includes a large student population.  Dkts. # 75 at 6–8; # 146 at 10.  The Government also alleges that someone was shot and killed at one of these distribution locations.  Dkts. # 75 at 6–8, # 146 at 10.  The alleged offense also carries a lengthy term of incarceration.  As stated above, the minimum prison term for violating Section 841(a) (1) is 10 years.  *See* 21 U.S.C. § 841 (b)(1)(A).

Thus, given the length of the potential prison sentence and the alleged magnitude of the drug conspiracy, the first factor favors pretrial detention.

2.       Weight of the Evidence

The second factor also favors detention. Substantial evidence, including large quantities of intercepted communications, implicate Mr. Kuyateh in arranging and conducting a large number of drug trafficking transactions. *See* Dkt. # 75 at 6–11. While the weight of the evidence is the least important factor, it still weighs against releasing Mr. Kuyateh pending trial. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) ("[T]he weight of the evidence is the least important of the various factors.").

3.       History and Characteristics of the Defendant

Both Mr. Kuyateh and the Government acknowledge that Mr. Kuyateh has no prior criminal convictions, and he has strong ties to the local community. *See* Dkts. # 139 at 2; # 146 at 10. Mr. Kuyateh has been a United States citizen for about 11 years and has lived in his Montlake residence with his wife for about the same amount of time. Dkts. # 139 at 2; # 146 at 10. He is a step-grandparent to his wife's two grandchildren. Dkt. # 139. Thus, this factor favors Mr. Kuyateh's release. *Cf. Valenzuela*, 2012 WL 1377087, at *3 (determining that the history and characteristics of the defendant supported pretrial detention, including his connections to people in Mexico and his criminal history which included misdemeanor convictions for assault, possession of stolen property, and driving under the influence).

4.       Nature and Seriousness of the Danger to Any Person or the Community

Mr. Kuyateh, according to the United States, was a leader in a fentanyl trafficking organization and heavily involved in two active distribution hubs in the University District, an area of Seattle with a large student population. *See* Dkts. # 75 at 6–11; # 146 at 5–6. The United States alleges that, at one of the locations, Mr. Kuyateh may have been selling controlled substances directly to students. Dkts. # 75 at 8; # 146 at 5. At the other location, someone was shot and killed. Dkts. # 75 at 10; # 146 at 5–6. The alleged facts here "illustrate the inherent

danger illegal drug distribution poses to communities." *Valenzuela*, 2012 WL 1377087, at *4; *see also United States v. Payne*, No. 1:23 CR 449, 2024 WL 112058, at *3 (N.D. Ohio Jan. 10, 2024) ("The 'purchase and sale of narcotics is an inherently dangerous activity' and poses a danger to the community.") (quoting *United States v. Bethea*, 763 F. Supp. 2d 50, 54 (D.D.C. 2011)). Thus, the nature and the scale and the crimes here suggest a serious danger to others and the community.

On balance, the Section 3142(g) factors favor pretrial detention.

## IV

### CONCLUSION

For these reasons, and based on its de novo review of the record, the Court DENIES Mr. Kuyateh's Motion for Pretrial Release, and orders Mr. Kuyateh detained pending trial.

Dated this 17th day of January, 2025.

                                                    John H. Chun
                                                    United States District Judge