UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI KUYATEH,<br><br>Defendant. | CASE NO. 2:24-cr-00186-JHC-1<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Defendant Ali Kuyateh's Motion to Suppress. Dkt. # 353. Defendant seeks to suppress all intercepted communications from his phone and investigation leads or evidence based on those communications as fruit of the poisonous tree. *See id*. The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the case file, and the governing law. Being fully advised, the Court DENIES the motion. Dkt. # 353.

## II
## BACKGROUND

On August 12, 2024, the Government applied for a court order authorizing it to intercept the wire communications of telephone numbers 206-683-2980 (T35) along with other numbers not challenged in the instant motion. *See* Dkt. # 354 at 2-3. The Government supported this application with the affidavit of Homeland Security Investigations Special Agent Clair Olechiew, describing an investigation into a drug trafficking organization (DTO) and the investigatory actions taken up to that point. *See* Dkt. # 354 at 27-249; Dkt. # 355 at 1-155. This request was approved by the undersigned judge.

Following execution of the wiretap, Defendant was arrested and charged with one count of Conspiracy to Distribute Controlled Substances. Dkt. # 1 at 2. Defendant now says his electronic communications were unlawfully intercepted and thus must be suppressed. Dkt. # 353 at 2 (citing 18 U.S.C. § 2518(10)(a)).

## III
## DISCUSSION

A. Standard of Review

Title 18, United States Code, Section 2518, allows for the use of wiretaps in limited situations where the Government has sought court approval. Before authorizing a wiretap, the issuing judge "must find probable cause to believe (1) that an individual is committing, has committed, or is about to commit specified offenses . . . 18 U.S.C. § 2518(3)(a); (2) that communications relevant to that offense will be intercepted through the wiretap, *id*. § 2518(3)(b); and (3) that the individual who is the focus of the wiretap investigation will use the tapped

phone."[1] *United States v. Meling*, 47 F.3d 1546, 1552 (9th Cir. 1995). "Looking only to the four corners of the wiretap application, [the court] will uphold the wiretap if there is a 'substantial basis' for these findings of probable cause." *Id.* Additionally, "[t]he government must show that every wiretap it seeks is necessary." *United States v. Christie*, 825 F.3d 1048, 1066 (9th Cir. 2016); *see also* § 2518 (3)(c). Finally, "[t]he wiretap statute also includes its own exclusionary rule, requiring suppression of wiretap evidence that the government obtains in violation of Title III." *United States v. Rodriguez*, 851 F.3d 931, 937 (9th Cir. 2017) (citing 18 U.S.C. § 2515).

B. Probable Cause

The Court "review[s] the findings of probable cause under the same standard as for a search warrant." *United States v. Brown*, 761 F.2d 1272, 1275 (9th Cir. 1985).

> For probable cause to exist, a [court] need not determine that the evidence sought is *in fact* on the premises to be searched, or that the evidence is more likely than not to be found where the search takes place. The [court] need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.

*United States v. Fernandez*, 388 F.3d 1199, 1254 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005) (quoting *United States v. Peacock*, 761 F.2d 1313, 1315 (9th Cir.1985)) (emphasis in original).

Here, the application provided a substantial basis to find probable cause for the interception of TT35. As just one example, the application detailed calls between TT35 and an already tapped phone belonging to co-defendant, Ceesay. Dkt. # 354 at 60-65. These calls were between Ceesay and then-unidentified male (UM2980) who was referred to by co-conspirators as "Pops" and "Uncle/Unc" and who was using TT35 during these calls.[2] *Id.* On three calls,

[1] Drug offenses, such as those alleged in the application, are "specified offenses" for which wiretaps may be authorized. *See* 18 U.S.C. § 2516(e).

[2] Standing is not challenged by either party. *See* Dkt. ## 353, 370. Because Defendant brings this motion seeking to suppress TT35, the Court assumes without deciding that UM2980 is Defendant or Defendant is the owner or user of TT35.

Ceesay and UM2980 explicitly discussed procuring, supplying, and exchanging controlled substances. *Id*. This alone would support the probable cause finding, and the application contains even more facts to support the finding. *See generally* Dkt. ## 354, 355.

Defendant says that the application was too speculative because, at the time of the application, the connection between UM2980 and Mr. Kuyateh was speculative. Dkt. # 353 at 507. But Defense cites no legal authority requiring the Government to conclusively identify the individual who will be subject to the wiretap, and a plain reading of the statute indicates otherwise. *See id.* The statute only requires the Government to provide evidence sufficient for the Court to make a probable cause finding that "an individual is committing" the drug offenses, "that communications relevant to that offense will be intercepted through the wiretap" and "that the individual who is the focus of the wiretap investigation will use the tapped phone." 18 U.S.C. § 2518(3)(a), (b), (d). As stated above, the affidavit identifies UM2980, connects him with activity within the DTO, and states that he is using TT35 for that activity. There was no error in finding the Government had satisfied § 2518, and once again the Court finds that the wiretap application was supported by probable cause under the statute.

C. Necessity

A wiretap application must include:

> a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous[.]

18 U.S.C. § 2518(1)(c); *see also id.* (3)(c) (requiring a showing that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous").

When considering the necessity requirement, "the district court reviews de novo whether a full and complete statement of facts was submitted to the issuing judge under § 2518(1)(c), but

'review[s] the issuing court's ultimate decision to authorize a wiretap [under § 2518(3)(c)] for an abuse of discretion.'" *Rodriguez*, 851 F.3d at 937-38.

Here, nearly half of the 147-page affidavit is dedicated to a necessity showing. *See* Dkt. # 354 at 102-171. The application details the investigation that had occurred up to that point and explains that "agents have been unable to identify an existing informant with ready access to UM2980/Pops" and that "it is unlikely that a new informant could gain enough trust to be in a position to conduct controlled purchases from" UM2980 or other targets. Dkt. # 354 at 110; *see also id.* at 129-135 (describing the use of search warrants in the DTO); *id.* at 135-137 (describing suspect or co-conspirator interviews that had occurred). It further describes attempts at physical and video surveillance and the difficulty the agents had experienced in reliably locating members of the DTO, including UM2980. Dkt. # 354 at 111-120. The affidavit explains in detail efforts the agents took to find information on the DTO and UM2980 using less intrusive measures, and for each explains why that tactic failed, would be unsuccessful, or too dangerous to employ. *See* Dkt. # 354 at 120-123 (ping data warrants), 123-126 (vehicle tracker warrants), 126-129 (use of undercover agents), 137-140 (trash searches); 140-150 (pen registers, trap and trace data, and toll record analysis), 151-152 (mail covers), 152-154 (different financial investigation tactics); 154-155 (analysis of foreign and domestic travel), 155-161 (interdiction operations), 161-162 (firearms tracing), 162-165 (coordination with correctional agencies). This statement constitutes a full and complete statement under § 2518(1)(c).

The information contained within the full and complete statement also easily supports the decision to authorize the wiretap. "[T]he wiretap should not ordinarily be the initial step in the investigation, but that law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap." *United States v. McGuire*, 307 F.3d 1192, 1196-97 (9th Cir. 2002). Before requesting the wiretap, the agents had an ongoing investigation into the DTO during

which they used multiple investigatory tactics. For each alternate tactic the agents conducted or considered, the affidavit explains why it could not identify and locate UM/2980, and ultimately, to obtain sufficient evidence to prosecute the DTO. This showing satisfies the necessity requirement.

***

Because it was properly found that probable cause supported issuing the wiretap under § 2518(3)(a), (b), (d), and that the wiretap was necessary under § 2518(3)(c), the wiretap was properly authorized.

## IV
## CONCLUSION

For these reasons, the Court DENIES the motion. Dkt. # 353.

Dated this 28th day of August, 2026.

John H. Chun

John H. Chun
United States District Judge